UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK CONNALLY,

    Plaintiff,

    v.

CAFE GOLO, et al.,

    Defendants.

Case No. 15-cv-02030-RS

**ORDER RE MOTION TO SUBSTITUTE PLAINTIFF AND RE MOTION FOR LEAVE TO AMEND**

Plaintiff Patrick Connally filed this action in May of 2015, asserting claims under the American with Disabilities Act ("ADA") and California state law relating to access conditions he encountered at Café Golo earlier that year. Connally died in February of this year. The following month, plaintiff's counsel brought a motion to substitute Michael J. Connally, Patrick's brother, to be the plaintiff herein, as Patrick's heir and successor. Just over a month later, plaintiff's counsel filed a motion for leave to amend the complaint, proposing to add as an additional plaintiff Harrison Benjamin Kinney, an individual who had served as a driver and assistant for Patrick Connally, and who had accompanied him on the visits to Café Golo at issue. Pursuant to Civil Local Rule 7-1(b), both motions are suitable for disposition without oral argument, and the hearing set for June 23, 2016 is vacated.

Defendants' opposition to the motion to substitute Michael Connally in his deceased brother's stead noted several procedural deficiencies, which plaintiff's counsel acknowledges, but which he claims have been cured on reply. Even assuming a sufficient showing has now been

made that Michael Connally is an appropriate successor in interest, however, Patrick's claims under the ADA did not survive his death, a point plaintiff's counsel now concedes. Moreover, absent a viable federal claim, discretion weighs against retaining jurisdiction in this forum. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction"). Accordingly, the motion to substitute Michael Connally as a plaintiff is denied, without prejudice to any rights he may have to pursue claims under state law in state court, as his brother's successor in interest.[1]

Two days before these motions were to have been heard, plaintiff's counsel filed a new complaint on behalf of Harrison Benjamin Kinney, which has also been assigned, randomly, to the undersigned.[2] The new complaint is substantively identical to the proposed amended complaint in this action, except that Michael Connally is not included as a co-plaintiff to Kinney. In view of the filing of that complaint, the proposed amendment here would be wholly duplicative, even if it had otherwise been proper to allow Kinney to become a plaintiff herein. Accordingly, the motion for leave to amend is denied. Nothing in this ruling precludes defendants from challenging Kinney's standing to bring the claims he has alleged in the new action.

**IT IS SO ORDERED**.

Dated: June 21, 2016

_____
RICHARD SEEBORG
United States District Judge

---

[1] Although defendants have suggested this action should be dismissed in light of plaintiff's death, there is no motion pending to do so. Accordingly, plaintiff's counsel will be given the opportunity to submit a brief within 15 days of the date of this order, not to exceed 10 pages, setting forth any reasons he contends this action should not be dismissed notwithstanding the conclusions reached herein. In the event no such brief is filed, the action will be dismissed without further notice.

[2] Counsel has filed a motion to relate the two actions under Local Civil Rule 3-12. Although both matters are already assigned to the same judge, the motion to relate will hereby be granted.